UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DASSAULT SYSTÈMES SOLIDWORKS CORPORATION,<br><br>*Plaintiff,*<br><br>- v.-<br><br>COCKTAIL KINGDOM, LLC<br>and<br>JOHN DOE,<br><br>*Defendants.* | Index No.:  19-cv-2799<br><br>COMPLAINT<br><br><u>Jury Trial Demanded</u> |

Plaintiff Dassault Systèmes SolidWorks Corporation ("DS SolidWorks") by its undersigned counsel as and for its Complaint against Defendant Cocktail Kingdom, LLC ("Cocktail Kingdom") and Defendant John Doe ("Doe") (collectively, Defendants) hereby alleges as follows:

## NATURE OF THE ACTION

This is a copyright infringement action arising out of Cocktail Kingdom's and Doe's unauthorized and willful use and copying of DS SolidWorks's SOLIDWORKS software package.

## THE PARTIES

1. Plaintiff DS SolidWorks is a Delaware corporation, having a principal place of business at 175 Wyman Street, Waltham, MA 02451-1223.

2. On information and belief, Defendant Cocktail Kingdom is a New York limited liability company, having a principal place of business at 36 West 25th Street, Fifth Floor, New York, NY 10010.

3. On information and belief, Defendant Doe is an adult individual who is an employee of or otherwise associated with Cocktail Kingdom.

## JURISDICTION AND VENUE

4. This action arises under 17 U.S.C. § 101 et seq. for infringement of copyrights owned by DS SolidWorks.

5. This Court has subject matter jurisdiction over these copyright infringement and circumvention claims pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338(a).

6. This Court has personal jurisdiction over Cocktail Kingdom because, among other things, Cocktail Kingdom resides in and transacts business in New York and in this judicial district.

7. This Court has personal jurisdiction over Doe because, upon information and belief, Doe is an employee of Cocktail Kingdom and a resident of New York, also residing within this judicial district.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2), 1391(c)(2), 1391(d), and 1400(a).

## BACKGROUND

**DS SolidWorks and the Copyrighted Works**

9. DS SolidWorks is the creator, author, and owner of the software code for the SOLIDWORKS software package, which is a computer-aided design ("CAD") software package.

10. DS SolidWorks has created, authored and is the owner of various "releases" of SOLIDWORKS, each building upon the prior release.

11. DS SolidWorks owns many copyright registrations for the SOLIDWORKS software package, including (i) U.S. Copyright Registration No. TX 0005225647 titled "SolidWorks 2000 : pt. 1," (ii) U.S. Copyright Registration No. TX 0005666476 titled "SolidWorks 2001 plus," (iii) U.S. Copyright Registration No. TX 0005725523 titled "Solidworks," (iv) U.S. Copyright Registration No. TX 0008284758 titled "SolidWorks 2016," and (v) U.S. Copyright Registration No. TX 0008443820 titled "SOLIDWORKS 2017" (the "SOLIDWORKS Copyright Registrations"), attached as Exhibit 1, hereto.

**Detection of Infringement by Defendants**

12. The SOLIDWORKS software incorporates detection and monitoring technology that detects and identifies unauthorized uses of the SOLIDWORKS software and transmits identifying data to DS SolidWorks when such unauthorized uses occur.

13. Through its monitoring technology, DS SolidWorks detected at least 343 unauthorized uses of its SOLIDWORKS software on at least one computer having MAC addresses (i) 58fb84904c96, (ii) 58fb84904c97, (iii) f48e38def520, and (iv) 5afb84904c96 (the "Computer").

14. Through its monitoring technology, DS SolidWorks detected that the Computer used an email domain called "cocktailkingdom.com."

15. Through its monitoring technology, DS SolidWorks detected that the Computer was connected to a wi-fi network located at Cocktail Kingdom's place of business on West 25th Street in New York, New York.

**Infringement by Cocktail Kingdom and Doe**

16. Upon information and belief, the Computer is owned by one of the Defendants.

17. Upon information and belief, the Computer has been used by Doe and/or by employees of Cocktail Kingdom or by persons under the control of Cocktail Kingdom.

18. Upon information and belief, Doe and/or employees or other persons under the control of Cocktail Kingdom downloaded one or more copies of SOLIDWORKS from the internet.

19. Upon information and belief, Doe and/or employees or other persons under the control of Cocktail Kingdom installed one or more copies of SOLIDWORKS on the Computer.

20. Upon information and belief, Doe and/or employees or other persons under the control of Cocktail Kingdom launched (executed) and/or used one or more copies of SOLIDWORKS on the Computer.

21. Defendants did not have authorization from Plaintiff to launch (execute) and/or use SOLIDWORKS.

22. Cocktail Kingdom purports to be "the world's premier manufacturer and distributor of professional barware, offering a wide spectrum of barware created to meet the exacting standards of professional bartenders." See https://www.cocktailkingdom.com/about.

23. Cocktail Kingdom started to use DS SolidWorks's software packages without authorization or permission from DS SolidWorks in mid-April 2017.

24. Cocktail Kingdom continues to use DS SolidWorks's SOLIDWORKS without authorization or permission from DS SolidWorks.

25. Upon information and belief, Cocktail Kingdom received a direct financial benefit from the use of SOLIDWORKS by Doe and/or one or more of its employees or other persons under its control.

**Notice of Infringement to Defendants**

26. On May 14, 2018, counsel for DS SolidWorks sent a letter to Cocktail Kingdom via email to Mr. Gregory Boehm, offering to resolve Cocktail Kingdom's unauthorized use of DS SolidWorks's SOLIDWORKS software packages. The May 14 letter is attached as Exhibit 2, hereto.

27. After receiving the May 14 letter, Cocktail Kingdom verbally represented that it purchased a software license, but could not provide DS SolidWorks with evidence of such purchase.

28. On June 6, 2018, counsel for DS SolidWorks sent a second communication via email to Mr. Boehm at Cocktail Kingdom, again seeking to establish communication to resolve Cocktail Kingdom's unauthorized use of DS SolidWorks's SOLIDWORKS software packages. The June 6 letter is attached as Exhibit 3, hereto.

29. Cocktail Kingdom has not responded to the June 6 letter, but upon information and belief, continues its unauthorized use of DS SolidWorks's SOLIDWORKS software packages.

## COUNT I

### FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)
### (against all Defendants)

30. DS SolidWorks repeats and incorporates herein each of the preceding paragraphs.

31. SOLIDWORKS, including SolidWorks 2016 and SOLIDWORKS 2017, is an original work of DS SolidWorks and is protectable by the copyright laws of the United States.

32. DS SolidWorks owns all rights and title to the copyrights for SOLIDWORKS.

33. Cocktail Kingdom and Doe downloaded the SolidWorks 2016 and SOLIDWORKS 2017 releases of the SOLIDWORKS software to a computer storage unit, such as a hard disk drive, via the Internet, thereby creating a copy of the SOLIDWORKS software without authorization or permission from DS SolidWorks.

34. Subsequently to downloading a copy of SOLIDWORKS, Cocktail Kingdom and Doe installed, executed and used the SOLIDWORKS software on one or more computers without authorization or permission from DS SolidWorks.

35. Each time Cocktail Kingdom and Doe executed SOLIDWORKS, Cocktail Kingdom and Doe caused a computer to copy the SOLIDWORKS software code stored on the computer storage unit (e.g., hard disk drive) to the computer's volatile memory, e.g., random access memory (RAM) without authorization or permission from DS SolidWorks.

4773377-2

36. Cocktail Kingdom and Doe executed SOLIDWORKS at least on one computer having MAC addresses 58fb84904c96, 58fb84904c97, 5afb84904c96, and f48e38def520.

37. By making unauthorized copies of SOLIDWORKS as described above, Cocktail Kingdom and Doe infringed and violated (directly or indirectly) DS SolidWorks's copyrights in SOLIDWORKS and the SOLIDWORKS Copyright Registrations, including at least DS SolidWorks's exclusive right under 17 U.S.C. § 106(1) "to reproduce the copyrighted work in copies."

38. Upon information and belief, Cocktail Kingdom received a direct financial benefit from the above-described infringement of DS SolidWorks's copyrights.

39. Cocktail Kingdom's and Doe's infringement and violation of DS SolidWorks's copyrights has been knowing and willful.

40. DS SolidWorks has been damaged by the aforementioned infringement.

## COUNT II

### CIRCUMVENTION OF TECHNOLOGICAL MEASURES
### (17 U.S.C. § 1201)
### (against all Defendants)

41. DS SolidWorks repeats and incorporates herein each of the preceding paragraphs.

42. SOLIDWORKS includes technological measures that effectively control access to the SOLIDWORKS software, including a requirement during installation to input an authorized License Key provided by DS SolidWorks to properly-licensed users of SOLIDWORKS to "unlock" SOLIDWORKS and thereby allow the installation, subsequent use of, and access to SOLIDWORKS.

43. Neither Cocktail Kingdom nor Doe received an authorized License Key from DS SolidWorks.

44. Upon information and belief, Cocktail Kingdom and Doe circumvented the technological measures incorporated in SOLIDWORKS to gain access to SOLIDWORKS by avoiding, bypassing, deactivating or otherwise impairing such technological measures, including at least during the installation of SOLIDWORKS.

45. Upon information and belief, Cocktail Kingdom and Doe used a Solidsquad (SSQ) crack signature to avoid, bypass, deactivate, or otherwise impair such technological measures.

46. By avoiding, bypassing, deactivating or otherwise impairing the technological measures to control access to SOLIDWORKS, including by avoiding, bypassing, deactivating or otherwise impairing the input of an authorized License Key during the installation process, Cocktail Kingdom and Doe have violated 17 U.S.C. § 1201.

47.     Upon information and belief, Cocktail Kingdom received a direct financial benefit from the above-described circumvention.

48.     DS SolidWorks has been damaged by Cocktail Kingdom's and Doe's above-described actions.

## PRAYER FOR RELIEF

WHEREFORE, DS SolidWorks prays for relief as follows:

A.     For a judgement determining that Cocktail Kingdom and Doe have infringed DS SolidWorks's copyrights in violation of 17 U.S.C. § 501;

B.     For a judgment determining that Cocktail Kingdom and Doe have circumvented a technological measure that controls access to the SOLIDWORKS software in violation of 17 U.S.C. § 1201.

C.     For a finding that such infringement and/or circumvention was willful;

D.     For a judgment preliminarily and permanently enjoining and restraining Cocktail Kingdom, including its officers, directors, employees, agents and servants, and all those in active concert of participation with any of them, and Doe from directly or indirectly infringing DS SolidWorks's copyrights;

E.     For a judgment awarding DS SolidWorks (i) its actual damages in an amount to be determined in excess of $75,000, (ii) any profits of Cocktail Kingdom, (iii) statutory damages of $150,000 per act of infringement, and (iv)

costs of this action including attorneys' fees as permitted pursuant to 17 U.S.C. §§ 504 and 505;

    F.    For a judgment awarding DS SolidWorks any other damages to which it is entitled under statute or common law;

    G.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

DS SolidWorks hereby demands a trial by jury in this action.

Dated: March 28, 2019

                OLSHAN FROME WOLOSKY LLP

                By:   /s/Brian A. Katz
                Brian A. Katz
                1325 Avenue of the Americas
                New York, NY 10019
                212-451-2300
                Fax: 212-451-2222
                bkatz@olshanlaw.com

                HARNESS, DICKEY & PIERCE, P.L.C.
                Glenn E. Forbis (*Pro Hac Vice pending*)
                Jennifer R. Turchyn (*Pro Hac Vice pending*)
                5445 Corporate Drive, Suite 200
                Troy, MI 48098
                Tel. 248-641-1600
                Fax: 248-641-0270
                Email: gforbis@hdp.com
                           jturchyn@hdp.com

                *Counsel for Plaintiff*